# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahmad Norman, | ) C/A No. 8:13-255-TMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lowe's Home Improvement;<br>Elaine Doe;<br>Michael Duncan, | ) |
| Defendants. | |

Plaintiff, Rahmad Norman, proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983 against Lowe's Home Improvement ("Lowe's"); an employee of Lowe's, Elaine Doe ("Doe"); and another individual, Michael Duncan ("Duncan").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."

1



28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is also required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. However, even when considered under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Plaintiff's Complaint states in full as follows:

> My complaint is against Lowes home improvement in greenwood SC I feel that this company and at least one of their employees violated my civil rights be treating me in a manner the rest of their customers are not treated when they went into this store, between November 2012 and January 2013 I was notified by several employees that Mrs. Elaine an employee in the building dept. had told them that she was an confidential informant for the city of greenwood police dept. and she had talked to a Capt. David price in which I already have an complaint filed with this court. These employees stated that Mr. Price wanted her to call him every time I came into this store and she asked if these employees would do the same thing but instead, they notified me of her intentions stating that they didn't think because of the constitution of the united states had statues protecting me from this kind discrimination and harassment, and they felt like I should be treated equal as they would expect to be treated equally, and they didn't feel comfortable helping the city of greenwood and this Lowe's employee violating my civil rights.

*Complaint* @ 4.

In Plaintiff's prayer for relief he states he would like the court "to hold Lowes home improvement liable for what I feel like is a violation of my civil rights and also order this company and any employee that has violated my civil rights to compensate me whatever a jury and this court deems proper." *Id.* at 5.



2

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred:'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978). The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (*quoting Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998)) (internal citations and quotation marks omitted).

Concededly, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001). Specifically, "state action

3



may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " *Id.* (*quoting Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). However, State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation . . . be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.' " *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51, 119 S.Ct. 977, 143 L.Ed.2d 130 (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). Here, Plaintiff alleges the Defendant Elaine Doe contacted a member of the Greenwood Police Department ("Price") every time Plaintiff entered the Lowe's store, and encouraged other Lowe's employees to do the same. The sole basis for this allegation is that Plaintiff had been "notified by several [unnamed Lowe's] employees" that Doe was communicating with Price and asking them to do the same. No other information is offered to support this claim, and there are no allegations in the Complaint to suggest that Lowe's had any knowledge that Doe was engaging in this alleged behavior. These broad and general statements cannot be construed to establish a close enough nexus between Doe and Price such that Doe's private behavior can be characterized as "state action," as the allegations against Doe are too conclusory to state a factually cognizable claim. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; *cf. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)[Plaintiff must set

4



forth sufficient factual matters to state a plausible claim for relief "on its face"].

Although the "liberal pleading requirements" of Rule 8(a) require only a "short and plain"statement of the claim, a plaintiff must nevertheless "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). "The presence [] of a few conclusory legal terms does not insulate a complaint [or a party] from dismissal . . . when the facts alleged ... do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Here, Plaintiff has failed to set forth sufficient factual allegations to show that Doe acted under color of state law, as required by 42 U.S.C. §1983.

Furthermore, the Complaint is also subject to summary dismissal because a careful review of the Complaint reveals that there are absolutely no allegations contained in the Complaint against the other two (2) Defendants, Duncan and Lowe's. Under the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a *pro se* litigant which is "frivolous" or "fails to state a claim on which relief may be granted;" and since there are no allegations of any wrongdoing on the part of Duncan or Lowe's, Plaintiff's Complaint fails to state a claim on which relief can be granted as to either of these two (2) Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). Consequently, Duncan and Lowe's are entitled to summary dismissal as party Defendants.



## **RECOMMENDATION**

Since the Plaintiff's complaint fails to state a claim upon which relief may be granted, and does not name Defendants who have acted under color of state law, this matter should be summarily dismissed. Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Bristow Marchant
United States Magistrate Judge

February 26, 2013
Charleston, South Carolina

*Plaintiff's attention is directed to the important NOTICE on the next page.*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

